IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROQUE RONDON                                    )
a/k/a Roque Rondon Castro,                      )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        ) Civ. Action No. 13-528-GMS
                                                )
ATTORNEY GENERAL OF THE STATE                   )
OF DELAWARE, et al.,                            )
                                                )
            Defendants.                         )

## MEMORANDUM

The plaintiff, Roque Rondon ("Rondon"), was a pretrial detainee at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, when he filed this filed this lawsuit

pursuant to 42 U.S.C. § 1983. (D.I. 2.) He has since been released. He appears *pro se* and was

granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The

court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).

## I. BACKGROUND

Rondon was charged with a crime. He did not understand the charges, but it is something

that he "never committed." Rondon had a "solid alibi" and was "no where near the crime scene."

By the time the complaint was filed on April 3, 2013, it had taken the State almost five months to

review Rondon's case and almost six months for his trial. Rondon advised the court on May 15,

2013, that he had been released from jail.  Rondon alleges violations of his human rights and due process.  He seeks compensatory damages.

## II.  STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Rondon proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Rondon leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Rondon has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

Rondon's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

Named as a defendant is the State of Delaware. The claim fails, however, due to the

State's sovereign immunity. The Eleventh Amendment of the United States Constitution

protects an unconsenting state or state agency from a suit brought in federal court by one of its

own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its

immunity from suit in federal court, *see Brooks-McCollum v. Delaware*, 213 F. App'x 92, 894

(3d Cir. 2007) (unpublished), and although Congress can abrogate a state's sovereign immunity,

it did not do so through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332,

345 (1979). Moreover, the State of Delaware may not be considered "a person" under § 1983.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

The claims against the State of Delaware will be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(iii) and § 1915(A)(b)(2) as it is immune from suit.

### B. Prosecutorial Immunity

Rondon names the Attorney General of the State of Delaware. There are no allegations of

---

plausibility of 'entitlement to relief.'" *Id.*

the Attorney General's personal involvement.[2] Rondon alleges, however, he was imprisoned for something he did not do and was held for an unduly long time.

Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *Odd*, 538 F.3d at 208 (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

The fact that an individual is employed as a prosecutor does not mean the prosecutor is immune from suit for every wrong committed. *See Schneyder v. Smith*, 653 F.3d at 331. The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Odd*, 538 F.3d at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or

---

[2]"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). To the extent that Rondon relies upon the Attorney General's supervisory position, the claim fails.

something else entirely) that act served." *Id.* The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* (citations omitted).

Here, Rondon alleges in a conclusory manner that the Attorney General wrongfully brought charges against him and is somehow responsible for the delay in the matter going to trial. The conclusory allegations do not meet the pleading standards of *Iqbal* and *Twombly*. In addition, the allegations, while vague, refer to acts occurring that required advocacy and thus, the Attorney General enjoys prosecutorial immunity.

The claims against the Attorney General are dismissed as frivolous and by reason of immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and(2).

### C. State Actors

Rondon names public defender Kathryn van Amerongen ("Amerongen") as a defendant. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981).

The claim against Amerongen fails as a matter of law. It has no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

6

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and by reason of immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and (2). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware

7